UNITED STATES of America ex rel. Charles Richard SMITH, Petitioner,

v.

David H. BRIERTON, Respondent.

No. 76 C 893.

United States District Court, N. D. Illinois, E. D.

Dec. 9, 1976.

Robert D. Kreisman of Goldenson, Kiesler, Berman & Brenner, Chicago, Ill., for petitioner.

Laurence J. Bolan, Asst. State's Atty., Cook County, Chicago, Ill., for respondent.

MEMORANDUM OPINION

GRADY, District Judge.

Petitioner, convicted of murder in the Circuit Court of Cook County, seeks a writ of habeas corpus. He asserts that he was denied due process by the state's failure to give reciprocal discovery and by the trial court's refusal to suppress an identification resulting from an unduly suggestive identification procedure. The respondent moves to dismiss for failure to state a claim. We will grant the motion.

■ Because the petitioner did not raise the identification issue in his petition for leave to appeal to the Supreme Court of Illinois, we cannot consider it. *See Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). We will confine our review, therefore, to the reciprocal discovery issue which was raised in his petition for leave to appeal.

The petitioner argues that, because he complied with Illinois' notice of alibi statute without receiving reciprocal discovery, the testimony given by police officers to impeach his alibi witnesses was inadmissible. Since petitioner's conviction, the Illinois notice of alibi statute has been held unconstitutional under the doctrine of *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), because it does not provide for reciprocal discovery. *See People v. Fields,* 59 Ill.2d 516, 322 N.E.2d 33 (1975). Addressing the question of whether refusal to admit alibi testimony for failure to give notice of alibi witnesses denied the defendant due process, the Court in *Wardius* stated:

> It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.

412 U.S. at 476, 93 S.Ct. at 2212.

■ In admitting Detective Luth's testimony, the Illinois court was not permitting the government to refute the alibi witnesses by "the very pieces of evidence which he [defendant] disclosed to the State." *Id.* at 476, 93 S.Ct. at 2213. The State had already learned of the defendant's potential alibi witnesses before the

defendant gave the notice of alibi witnesses. The knowledge was based upon interviews of the alibi witnesses conducted in the police station the day the defendant was arrested. Therefore, Detective Luth's testimony was not a "fruit" of the "wrong" committed by the government, i. e., requiring the petitioner to give notice of alibi witnesses without giving him reciprocal notice of alibi rebuttal witnesses. *Cf. United States v. Piet,* 498 F.2d 178, 181 (7th Cir. 1974). Moreover, Detective Luth's appearance as a witness was no surprise to the petitioner. The Government, in disclosing its list of witnesses to petitioner, named Detective Luth as a possible witness.

Detective Broderick's testimony, impeaching Mr. Burish, was based on an interview conducted after the Government learned through the alibi notice that Mr. Burish was a possible alibi witness. Detective Broderick admitted this on the stand. (Tr. 783). The admission of his testimony, however, was harmless error. Mr. Burish's credibility was already seriously impeached by his prior statements to Detective Luth, so that there is no reasonable likelihood that the further impeachment by Detective Broderick contributed to the conviction. "The 'minds of an average jury' would not have found the State's case significantly less persuasive" had the testimony of Detective Broderick been excluded. *Schneble v. Florida,* 405 U.S. 427, 432, 92 S.Ct. 1056, 1060, 31 L.Ed.2d 340 (1972).

Accordingly, the petition for habeas corpus is dismissed for failure to state a claim.